SUSAN KUMLI
Acting Regional Solicitor
BRUCE L. BROWN
Associate Regional Solicitor
DANIELLE L. JABERG
Senior Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
90 7th Street, Suite 3-700
San Francisco, CA 94103-1516
Telephone:  415-625-7750
Jaberg.danielle@dol.gov
*Attorneys for Plaintiff Martin J. Walsh,*
*United States Secretary of Labor*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MARTIN J. WALSH,<br>    Secretary of Labor,<br>    United States Department of Labor,<br><br>                         Plaintiff,<br>       v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>                         Defendant. | Case No. _____<br><br>**COMPLAINT – LABOR;**<br>**29 U.S.C. § 660(c)** |

# COMPLAINT

1.  Plaintiff Martin J. Walsh, Secretary of Labor, U.S. Department of Labor ("Plaintiff" or the "Secretary"), brings this action for injunctive and other relief, pursuant to Section 11(c) of the Occupational Safety and Health Act of 1970, as amended, (29 U.S.C. §§ 651-78) ("the Act"), seeking to enforce the provisions of Section 11(c) of the Act.

2.  Jurisdiction of this action is conferred upon the Court by Section 11(c) of the Act, 29 U.S.C. § 660(c)(2).

3.  Defendant United States Postal Service ("USPS") sorts and delivers mail out of a facility located in Monmouth, Oregon, which is within the jurisdiction of this Court. Defendant USPS is now,

1 and was at all relevant times, a person as defined in 29 U.S.C. § 652(4)-(6).

2      4.      On or about November 10, 2018, Cassandra Hankins began working for the USPS as a City Carrier Assistant ("CCA") at the Monmouth, Oregon post office.

      5.      Because she was a new employee, Ms. Hankins was hired subject to a new-employee 90-day probationary period, which was scheduled to end on or about February 8, 2019.  Ms. Hankins's last day of employment with USPS was January 28, 2019. At all relevant times, Ms. Hankins was an employee of USPS as defined in 29 U.S.C. §§ 652 (5)–(6).

      6.      On January 7, 2019, Ms. Hankins suffered an injury at work while she was still a probationary employee.

      7.      Ms. Hankins reported her injury immediately to the supervisor on duty, Matt Dean.

      8.      On January 8, 2019, Ms. Hankins sought medical care for her injury.  The physician that treated her placed her off work until she was cleared by a specialist/follow-up provider.

      9.      On or about January 15, 2019, Ms. Hankins saw an orthopedist, who diagnosed her with a partial tear in her right calf muscle and advised her that she was unable to do anything other than sedentary work through mid-February.  Ms. Hankins communicated the results of her medical examinations to her supervisor at the USPS.

      10.      On January 25, 2019, a postmaster for USPS, Deborah Martin, conducted an "investigative" interview of Ms. Hankins about the injury.

      11.      On January 28, 2019, the very next day following the "investigative" interview, USPS terminated Ms. Hankins's employment.  The terminating letter asserted that, in the course of her training and work history, it had become evident that Ms. Hankins failed to grasp the fundamental skills required to be successful in her position.  The letter stated that Ms. Hankins's inability to meet basic performance requirements further disqualified her from postal employment.

      12.      The USPS Handbook EL-312 Employment and Placement ("USPS Handbook") requires that probationary employees such a Ms. Hankins receive three evaluations during their probationary period. USPS Handbook §§ 545(f)(3), 584.31. The first evaluation should be scheduled to occur 30 days after the employee begins work, the second after 60 days, and the final evaluation after 80 days. *Id.* §

584.52.

13. The USPS failed to evaluate Ms. Hankins in accord with its procedures—indeed, the USPS never evaluated Ms. Hankins.

14. On January 31, 2019, Ms. Hankins filed a formal whistleblower complaint to OSHA, alleging that Defendant USPS retaliated against her in violation of §11(c)(1) of the Act, 29 U.S.C. § 660(c)(1).

15. Plaintiff investigated the whistleblower complaint in accordance with §11(c)(2) of the Act and determined that Defendant violated §11(c)(1) of the Act. 29 U.S.C. §§ 660(c)(1)-(2).

16. By the acts described above, and by each of said acts, Defendant discharged Ms. Hankins because Ms. Hankins exercised her rights under or related to the Act, i.e. reporting a workplace injury, and thereby Defendant engaged in, and is engaging in, conduct in violation of §11(c)(1) of the Act. 29 U.S.C. § 660(c)(1).

## **PRAYER FOR RELIEF**

WHEREFORE, good cause having been shown, the Secretary of Labor prays for a Judgment against Defendant as follows:

(1) For an Order permanently enjoining Defendant, its officers, agents, servants, employees and all persons acting or claiming to act in their behalf and interest from violating the provisions of § 11(c)(1) of the Act, 29 U.S.C. §660(c)(1); and

(2) For all appropriate relief, including:

    a. Payment to Ms. Hankins for lost wages and benefits and compensatory damages including emotional distress damages, plus pre- and post-judgment interest accruing thereon; and

    b. For an Order directing Defendant to expunge any adverse references from Ms. Hankins's personnel record and reinstate Ms. Hankins with full-time employment and all attendant benefits and privileges; and

    c. For an Order directing Defendant USPS and its officers, supervisors, and lead employees to be trained in the whistleblower provisions of the Act; and

      d.    For an Order requiring posting in a prominent place at Defendant USPS' Monmouth, Oregon facility for 90 (ninety) days a Notice stating Defendant will not in any manner discriminate against employees because of engagement, whether real, perceived, or suspected, in activities protected by Section 11(c) of the Act; and

      e.    For an Order granting such other and further relief as may be necessary and appropriate in this action, including costs and attorneys' fees.

Dated: October 5, 2021

SEEMA NANDA
Solicitor of Labor

SUSAN G. KUMLI
Acting Regional Solicitor

BRUCE L. BROWN
Associate Regional Solicitor and
Counsel for Whistleblower Programs

/s/ Danielle L. Jaberg_____
DANIELLE L. JABERG, Senior Trial Attorney
Attorneys for Secretary of Labor

U.S. Department of Labor