Hon. Youlee Yim You

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MARTIN WALSH, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>Defendant | CIVIL ACTION NO. 3:21-CV-01454-YY<br><br>**DEFENDANT'S ANSWER TO COMPLAINT** |

Defendant UNITED STATES POSTAL SERVICE ("Defendant," "USPS," or "Postal Service"), through its counsel, answers Plaintiff's Complaint-Labor 29 U.S.C. §660 ("Complaint") as follows:

**GENERAL DENIAL**

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant asserts a general denial as to those allegations contained in Plaintiff's Complaint that are not clearly and specifically admitted herein.

## SPECIFIC DENIALS AND RESPONSES

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant further responds to Plaintiff's Complaint as follows by responding to the numbered paragraphs of the Complaint:

1. Paragraph 1 of the Complaint contains Plaintiff's statement of his case and a statement of law to which no response is required. To the extent one is required, denied.

2. Paragraph 2 contains a statement of jurisdiction to which no response is required. To the extent one is required, denied.

3. Defendant admits to the extent that the United States Postal Service is an independent establishment of the executive branch of the Government of the United States which operates and provides postal services to the people of the United States pursuant to 39 U.S.C. §201 and that its facility in Monmouth, Oregon provides postal services, including casing and delivering mail. The remainder of Paragraph 3 contains an application of a statement of law to which no response is required; to the extent one is required, denied.

4. Defendant admits that Cassandra Hankins ("Hankins") joined the Postal Service as a CCA with an enter-on-duty of November 10, 2018. Hankins' initial duty station was the Dallas Post Office.

5. Defendant admits the allegations in the first two sentences of Paragraph 5 of the Complaint. The remainder of Paragraph 4 contains an application of a statement of law to which no response is required.

6. Defendant admits to the extent that Hankins stated that she suffered an injury at work on January 7, 2019, while she was still a probationary CCA.

7. Defendant admits to the extent that Hankins reported her injury to Matt Dean on January 7, 2019.

8. Defendant is without knowledge or information sufficient to form a belief as to when Hankins sought medical care for her injury and what advice, if any, her unidentified medical provider provided to her at the time, and therefore cannot admit or deny the allegations in Paragraph 8.

9. Defendant is without knowledge or information sufficient to form a belief as to the medical treatment Hankins sought out or was provided by the unidentified orthopedist as set forth in the first sentence of Paragraph 9 of the Complaint, and therefore cannot admit or deny the allegation. As to the second sentence, Defendant is without knowledge or information sufficient to what medical results Defendant allegedly communicated and therefore cannot admit or deny this allegation.

10. Defendant admits that on January 25, 2019, Debbie Martin, Postmaster, Dallas OR, conducted an investigative interview of Hankins.

11. Defendant admits that Hankins was issued a Notice of Separation – Probationary Employee on January 28, 2019, but denies that the Notice of Separation was issued the very next day following the investigative interview. As to the remainder of the paragraph that includes Plaintiff's characterization of the content of the January 28, 2019 letter, Defendant asserts that the January 28, 2019 letter will speak for itself.

12. Defendant denies Plaintiff's characterization of the USPS Handbook EL-312 and asserts that the document speaks for itself and therefore denies the allegations.

13. Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Defendant is without knowledge sufficient to form a belief as to exactly when Hankins filed a complaint with OSHA and what she alleged in the complaint, and therefore cannot admit or deny the allegation in Paragraph 14.

15. Defendant is without knowledge sufficient to form a belief as to whether Plaintiff investigated the complaint filed by Hankins and, therefore cannot admit or deny the allegation in Paragraph 15.

16. Paragraph 16 sets forth conclusions of law to which no response is required. To the extent an answer is required, Defendant denies.

All allegations not specifically responded to above are denied. The Paragraph beginning "WHEREFORE . . ." is Plaintiff's prayer for relief to which no response is required. To the extent an answer is required, Defendant denies Plaintiff is entitled to the relief requested, or any relief whatsoever.

## DEFENSES AND AFFIRMATIVE DEFENSES

By pleading the following defenses as provided for pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendant does not concede that it possesses or assumes the burden to prove each or any of them. Defendant maintains that Plaintiff retains the burden of proof on all matters necessary to state and sustain the claims asserted in the Complaint.

ANSWERING FURTHER, Defendant asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

The complaint of retaliation is untimely pursuant to 29 U.S.C. §660(c) and 29 C.F.R. §1977.15(d)(3).

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff cannot state a claim upon which relief may be granted with respect to each and every cause of action set forth in his complaint.

**THIRD AFFIRMATIVE DEFENSE**

The Court lacks jurisdiction over some or all of Plaintiff's claims.

**FOURTH AFFIRMATIVE DEFENSE**

Some of the alleged wrongful actions do not constitute adverse action.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims of retaliation should be dismissed because Defendant's actions toward Hankins were, at all times, based upon legitimate, non-retaliatory reasons.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims of retaliation should be dismissed because Plaintiff cannot establish that Hankins' alleged reporting of her injury was a but-for reason for Defendant's decision to separate her from her CCA position.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of laches, given there was no good reason for Plaintiff's delay in filing this action about three (3) years after Hankins filed her complaint with Plaintiff in January 2019.

**EIGHTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims are barred by res judicata, collateral estoppel, waiver, or accord and satisfaction.

## NINTH AFFIRMATIVE DEFENSE

The head of the Postal Service, in his official capacity, is the only proper defendant.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subjected to the doctrine of after-acquired evidence, and, as such, any remedy or recovery to which Hankins may be entitled must be denied or reduced, accordingly.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that Hankins has failed to mitigate her damages. To the extent that Hankins mitigates her damages, Defendant is entitled to a credit or setoff.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that Hankins has failed to mitigate her damages by following the requirements provided by the Office of Workers' Compensation Programs (OWCP) of the U.S. Department of Labor.

## THIRTEENTH AFFIRMATIVE DEFENSE

Even if Plaintiff could sate a claim for relief in this action, Plaintiff cannot recover any alleged lost wages and benefits, including interest thereon, because Hankins could not perform the essential functions of the CCA position, with or without accommodation.

## FOURTEENTH AFFIRMATIVE DEFENSE

Even if Plaintiff could state a claim for relief in this action, Plaintiff cannot prove compensatory damages, including, but limited to, damages based on Hankins' emotional distress, if any, and hence, Plaintiff can only recover nominal damages.

DEFENDANT'S ANSWER
TO COMPLAINT

PAGE 6 OF 8

UNITED STATES POSTAL SERVICE
EMPLOYMENT LAW OFFICE –
WEST (SEATTLE)/P.O. BOX 3686
SEATTLE, WA 98124-3686
(206) 381-6626

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because permitting Plaintiff to recover from Defendant would unjustly enrich Plaintiff, at Defendant's expense.

**SIXTEENTH AFFIRMATIVE DEFENSE**

DEFENDANT RESERVES the right to assert additional defenses, affirmative or otherwise, upon further investigative and discovery into the matters alleged.  Defendant asserts all applicable statutory limitations with respect to Plaintiff's damage claims.

Wherefore, Defendant prays for the following relief:

A. The Court dismiss all claims in Plaintiff's complaint, with prejudice.

B. Defendant be granted such further relief as this Court deems just and proper.

Dated this 12th day of January 2022.

Respectfully Submitted,

UNITED STATES POSTAL SERVICE

_____

STEVEN B. SCHWARTZMAN
Attorney for Defendant

E-mail:  steven.b.schwartzman@usps.gov
Employment Law Office – West (Seattle)
P.O. Box 3686
Seattle, WA  98124-3686
Phone: (206) 381-6626-8400

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I electronically filed the foregoing **DEFENDANT'S ANSWER TO COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participant, Danielle L. Jaberg, jaberg.danielle@dol.gov

DATED this 12th day of January 2022.

*[signature]*

STEVEN B. SCHWARTZMAN