MARC A. PILOTIN
Regional Solicitor
JESSICA FLORES
Counsel for Civil Rights
DORIS Y. NG (California Bar No. 169544)
Trial Attorney
Office of the Solicitor
UNITED STATES DEPARTMENT OF LABOR
90 7th Street Suite 3-700
San Francisco California 94103
Telephone: 415-625-2224
Ng.doris.y@dol.gov
*Attorneys for Plaintiff Julie A. Su, Acting Secretary of Labor*
*United States Department of Labor*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JULIE A. SU,[1]<br>Acting Secretary of Labor,<br>United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>Defendant. | Case No. NO. 3:21-CV-01454-AN<br><br><br><br><br>**[PROPOSED] PRETRIAL ORDER**<br><br>Pretrial Conference Date: April 9, 2024<br><br>Trial Date: April 22, 2024 |

Pursuant to the Court's Scheduling Order dated July 21, 2023 (Dkt. 31), the parties

---

[1] Julie A. Su became Acting Secretary of Labor on March 13, 2023. Pursuant to Fed. R. Civ. P. 25(d), the caption has been changed to reflect this.

Proposed Pretrial Order                1

submit the following Proposed Pretrial Order.

1. Plaintiff Acting Secretary of Labor Julie A. Su brings this Action against USPS alleging USPS violated section 11(c) of the Occupational Safety and Health Act, 29 U.S.C. §§ 651, et seq. ("the Act") when it terminated Cassandra Hankins because she reported her workplace injury to USPS. A trial *without a jury* is scheduled to begin on April 22, 2024, and continue for an estimated three (3) days.

2. The parties stipulate that jurisdiction of this Action is conferred upon the Court by 29 U.S.C § 660(c)(2) and 28 U.S.C. § 1345.

3. **Agreed Facts** (with an asterisk (*) by those where relevance is disputed)

   a. USPS is an employer subject to the requirements of the Act.

   b. USPS hired Cassandra Hankins on November 10, 2018, as a City Carrier Assistant (CCA) with a probationary period of 90 days, which would have ended on February 8, 2019.

   c. USPS directed Ms. Hankins to work in the Corvallis, Oregon post office although she had been hired to work in a different office. Ms. Hankins also worked in the Albany, Oregon and Monmouth, Oregon post offices.

   d. According to USPS policy and the instructions that accompany Form 1750, probationary employees must be evaluated using Form 1750 at the 30-day, 60-day, and 80-day timeframes. Form 1750 documents expectations and whether the probationary employee's performance meets expectations. The employee needs to initial Form 1750 to show that the employee knows what they need improve. Failure to provide the evaluations and discussion of expectations would be a violation of USPS Portland District policy.

   e. USPS Employee Handbook section 584.52, in effect during Ms. Hankins's employment, states:

      584.52 Performance Evaluation Intervals

           The supervisor must discuss the employee's performance with the employee at the end of 30 days, and again at the end of 60 days. Both the supervisor and the employee must initial PS Form 1750 to indicate that these discussions have taken place. The final evaluation occurs at the end of 80 days, and it contains a definitive recommendation regarding whether the employee should be retained or separated. This evaluation requires the signatures of both the supervisor and the employee.

           Available at https://about.usps.com/handbooks/el312/el312c5_039.htm

f. USPS Employee Handbook section 584.53, in effect during Ms. Hankins's employment, states:

           584.53 Formal Evaluations at Other Intervals

           Discussion, training, and counseling can correct most deficiencies. The manager makes additional formal evaluations only when informal evaluations are unsuccessful and only after employees understand their deficiencies and have had a reasonable opportunity to correct them. If these additional evaluations occur during an employee's probationary period, the manager documents them using PS Form 1750.

           Available at https://about.usps.com/handbooks/el312/el312c5_039.htm

g. USPS failed to conduct any of the required 30-day, 60-day, 80-day formal evaluations of Ms. Hankins.

h. USPS failed to conduct any formal evaluations of Ms. Hankins.

i. Ms. Hankins received a two-week orientation in Portland, Oregon then three days of on-the-job ("OJT") training in Corvallis, Oregon.

j. Ms. Hankins was injured at work on January 7, 2019, while stepping into the back of a LLV at the end of her shift to retrieve and unload mail.

k.  Ms. Hankins reported her injury to a USPS supervisor that same day.

l.  USPS stipulates that Plaintiff has satisfied the first element of an 11(c) violation in that Ms. Hankins engaged in protected activity when she reported her workplace injury.

m.  USPS stipulates that Plaintiff satisfied the second element of an 11(c) violation in that USPS was aware of Ms. Hankins's protected activity.

n.  USPS, through its manager Deborah Martin, Postmaster at the Dallas, Oregon office, conducted an in-person interview of Ms. Hankins on Friday, January 25, 2019. A union steward was present; another supervisor was present as a scribe.

o.  During the in-person interview, Deborah Martin asked Ms. Hankins if there was a boat hook in the LLV she drove on the date of her injury and Ms. Hankins responded "no."

p.  During the in-person interview, referring to form CA 17 form in connection with Ms. Hankins's injury that contains a hand-written note: "Jumping on jeep felt tear," and the Accident/Injury Investigation Report form that Ms. Hankins completed on the same day of her injury where she wrote:

> I was getting into the back of the LLV to reach a couple of trays that had slide [sic] forward. When I went to put my left leg on the back of the LLV I felt something behind my left knee and my upper calf pop/pull and cause instant pain.

q.  Deborah Martin asked Ms. Hankins which statement was correct, to which Ms. Hankins responded the orthopedist wrote the statement about "jumping on jeep." Ms. Martin did not ask Ms. Hankins any follow-up questions after the in-person interview and did not ask Ms. Hankins follow-up questions before USPS terminated Ms. Hankins.

Proposed Pretrial Order                                4

r. USPS terminated Ms. Hankins on Monday, January 28, 2019, the next working day after the in-person interview.

s. USPS's termination letter to Ms. Hankins states:

> During the course of your training and work history it has become evident that you have failed to grasp the fundamental skills required to be successful in your position. Part of the requirement for Postal Employment is the ability and willingness to meet basic performance standards. Your inability to meet the basic performance requirements further disqualifies you from Postal Employment.

USPS gave Ms. Hankins no other reason for her termination.

t. Ms. Martin testified at her deposition that prior to USPS's termination of Ms. Hankins, she discussed the matter with her manager, Jami Goodpastor, Manager of Post Office Operations. Neither Ms. Martin nor Ms. McCormick worked with Ms. Hankins because Ms. Hankins mostly worked in the Corvallis, Oregon post office.

u. At no time did USPS use Form 1750 to evaluate Ms. Hankins or otherwise.

v. USPS stipulates that Plaintiff has satisfied the third element of an 11(c) violation in that Ms. Hankins suffered an adverse action.

w. Ms. Hankins filed a timely section 11(c) complaint with OSHA on January 31, 2019.

x. OSHA concluded USPS violated section 11(c) and the Secretary of Labor filed this action.

4. **Statement of Claims and Defenses**

a. Plaintiff claims USPS violated section 11(c) of the Act when it terminated Ms. Hankins because she reported her workplace injury.

1. Plaintiff contends a causal connection exists between Ms. Hankins's protected activity and USPS's termination of her such that USPS violated section 11(c) of the Act.
2. Plaintiff contends USPS had not properly trained Ms. Hankins on when and how to use a boat hook.
3. Plaintiff contends at no time did USPS inform Ms. Hankins she was required to use a boat hook to unload her vehicle.
4. Plaintiff contends Ms. Hankins did not see a boat hook in the LLV.
5. Plaintiff contends even if a boat hook was available in the LLV, it would not have prevented her injury as she hurt the back of her knee stepping into the vehicle and boat hooks were intended to prevent back injuries.
6. Plaintiff contends even if a boat hook was available in the LLV, Ms. Hankins would have had to step up in any event to reach the boat hook.
7. Plaintiff contends even if a boat hook was available in the LLV, Ms. Hankins would have had to step into the LLV in any event to gather the mail that had fallen out of the trays.
8. Plaintiff contends failing to use a boat hook is not a terminable offense.
9. Plaintiff contends Ms. Hankins did not perform her job in a manner that was unsafe.
10. Plaintiff contends USPS violated its own policies.
11. Plaintiff contends USPS's reasons for her termination are a pretext for terminating her because she reported a workplace injury.

12. Plaintiff contends USPS has a practice of terminating or otherwise retaliating against probationary employees who report workplace injuries.

13. Plaintiff contends Ms. Hankins suffered lost wages, benefits, and other consequential damages.

14. Plaintiff contends Ms. Hankins suffered emotional distress as a result of USPS's illegal conduct.

15. Plaintiff contends USPS is liable for punitive damages.

16. Plaintiff contends she is entitled to attorneys' fees and costs for bringing this action.

17. Plaintiff contends she is entitled to injunctive relief.

   b. Defendant claims it had a legitimate reason for terminating Ms. Hankins: she performed her work in an unsafe manner because she failed to use a boat hook, which was available in her LLV.

5. Other legal issues not stated under either claims or defenses.

   a. No later than 14 days before the pretrial conference, Plaintiff may file motions in limine regarding the following evidentiary issues:

1. Exclusion of any reference to any claims, resolution of claims, testimony, or documents and statements produced in connection with any claims Ms. Hankins filed against USPS under any theories other than (1) the instant complaint for violation of the Act and (2) a workers' compensation claim due to her injury;

2. Exclusion of any evidence USPS terminated Ms. Hankins for any reasons other than the reasons Plaintiff alleges in the Complaint or as Defendant alleges based on Ms. Hankins's responses during the investigative interview and her not using a boat hook on the date of her injury.

3. Exclusion of any exhibits relating to boat hooks that were not provided to Ms. Hankins during her employment with USPS or testimony about any such written materials.

4. Admission of evidence that OSHA has received, investigated, and found meritorious at least six separate complaints in the Western Pacific Region since January 1, 2019, involving USPS probationary employees who have been retaliated against because they reported a workplace injury.

   b. No later than 14 days before the pretrial conference, Plaintiff may file a Request for Judicial Notice of at least four enforcement actions cases that were filed with the district court in the Western District of Washington that allege similar allegations of retaliation for reporting workplace injuries: (1) *Su v. USPS* (*Heath*), Case No. 3:22-cv-05180 RJB, 2023 WL 3172867 (W.D. Wash. May 1, 2023); (2) *Acting Secretary of Labor v. USPS* (*Sweezer*), W.D. Wash., Case No. 323-cv-05007-RJB; (3) *Walsh v. USPS*, No. 3:22-cv-6002, (W.D. Wa. filed Dec. 22, 2022) ; (4) *Walsh v. USPS*, No. 2:22-cv-1176, (W.D. Wa. filed Aug. 23, 2022) , and the court records filed therein.

6. Defendant stipulates to the exclusion of any documents Defendant failed to produce during discovery or in response to Plaintiff's request to supplement its discovery responses.

7. Defendant stipulates to the admission of portions of 30(b)(6) testimony of Amy Bennett, Human Resources Manager over Portland, Oregon, taken on December 8, 2023, in *Acting Secretary of Labor v. USPS* (*Sweezer*), W.D. Wash., Case No. 3-23-cv-05007-RJB (deposition pages 10-11; 16-17; 19/line 14 through page 21/line 25; pages 22-29; and Exhibit 1 to the deposition). Defendant has the right to make deposition designations twenty-one (21) days before the pretrial conference.

8. Plaintiff hereby requests to amend her Complaint to explicitly allege USPS acted with malice, oppression, or reckless disregard of the plaintiff's rights such that punitive damages are warranted. Defendant opposes this amendment.
9. Defendant hereby dismisses the following affirmative defenses: 1, 2, 3, 4, 7, 8, 9, 10, 12, and 15.
10. The case does not involve any counterclaim or cross-claims.
11. In addition to damages and other appropriate relief, in furtherance of the public interest and to ensure complete relief, the Acting Secretary of Labor intends to seek injunctive relief tailored to address USPS's persistent retaliation against similar employees in the event she prevails at trial. Plaintiff will file an itemized list of special damages, 30 days before the pretrial conference, and any exhibits relating to special damages.
12. The parties hereby exchange the following witness list other than witnesses used for impeachment:
    a. On behalf of Plaintiff:

| Name/Address | Testimony (the parties will file witness statements 30 days before the pretrial conference) |
|---|---|
| Cassandra Hankins<br>Complainant<br>Contact through Plaintiff's counsel. | Her application, hire, training, job duties, injury, reporting injury, USPS investigative interview, USPS termination after she reported her injury, nexus between her protected activity and the termination, the USPS's reasons for termination are pretextual, her job search, out of pocket |

| | | |
|---|---|---|
| | | expenses, interim pay, and how the termination and ineligibility for rehire affected her emotionally, financially, and psychologically. |
| | Jared Klein<br><br>OSHA Regional Whistleblower Investigator<br><br>Contact through Plaintiff's counsel. | Facts establishing jurisdiction; investigation, including USPS's admissions, documents he reviewed; other similar complaint filed by Mr. Guerrero that he investigated against USPS and found meritorious; pattern and culture at USPS of terminating probationary employees who have reported workplace injuries; Ms. Hankins's wage loss calculations and other relief requested including penalties assessed against USPS. |
| | Kathleen Hankins | Will testify about how USPS's termination of Cassandra Hankins and the resulting ineligibility for rehire affected Cassandra Hankins. |
| | Kendra Hankins | Will testify about how USPS's termination of Cassandra Hankins and the resulting ineligibility for rehire affected Cassandra Hankins. |
| | Deborah Martin<br><br>(via deposition testimony; see below) | Her investigative interview of Ms. Hankins; positive feedback she received about Ms. |

Proposed Pretrial Order                    10

| | |
|---|---|
| | Hankins; basis for terminating Ms. Hankins. |
| Melissa McCormick | Basis for terminating Ms. Hankins; Ms. Martin told her to sign and send the termination letter to Ms. Hankins "ASAP"; failure to use a boat hook is not a terminable offense; workplace injuries are considered in evaluating managers. |
| Amy Bennett (via deposition testimony) | USPS policy regarding evaluations and expectations of probationary employees. |

b. On behalf of Defendant:

| Name/Address | Testimony |
|---|---|
| Melissa McCormick USPS Post Master Contact through Defendant's counsel. | Basis for terminating Ms. Hankins |
| Deborah Martin Former USPS Post Master (via deposition testimony) | Basis for terminating Ms. Hankins |

13. The parties hereby exchange the following exhibit list (Judge's copies to be submitted 30 days before the pretrial conference):

  a. Admissibility stipulated:

   1. Plaintiff's Exhibits:

| Exhibit # | Description |
|---|---|
| | |

Proposed Pretrial Order                    11

| Exhibit # | Description |
|---|---|
| 1 | Accident/Injury Investigation Report dated January 7, 2019 |
| 2 | CA-17 Duty Status Report dated January 14, 2019 |
| 3 | CA-17 Duty Status Report dated December 17, 2019 showing Ms. Hankins's work restrictions |
| 4 | Orthopedics Notes dated January 14, 2019, January 16, 2019 and February 12, 2019 |
| 5 | Workers' Compensation Forms signed by West Valley Hospital dated January 18, 2019 |
| 6 | OJT Training Guide (October 2016) and Certification of completion |
| 7 | USPS Expanded Vehicle Safety Check and instructions |
| 8 | Form 1750 |
| 9 | Employment Handbook (January 2018), sections 584.52 and 584.53 |
| 10 | Investigation interview notes |
| 11 | Letter of termination |
| 12 | Medical Form |
| 13 | OSHA's Summary of Back Pay Calculation |
| 14 | Interim Paystubs |
| 15 | USPS Paystub |

2. Defendant's Exhibits:

| Exhibit # | Description |
|---|---|
| 501 | Cassandra Hankins written statement |
| 502 | USPS Training Documents |

    b. Authenticity disputed; admissibility disputed:

Proposed Pretrial Order                    12

1. Plaintiff's Exhibits: NA

2. Defendant's Exhibits:

| Exhibit # | Description |
|---|---|
| 504 | Photo of LLV # 3311575 |
| 505 | Photo of LLV #3311576 |
| 506 | USPS documents regarding boat hooks. |
|  |  |
| 507 | Deborah Martin Statement to EEOC re termination of Hankins |
| 508 | Cassandra Hankins EEO Investigative Affidavit |

14. The parties wish to present the testimony of Deborah Martin, who is retired and lives more than 100 miles from Portland, Oregon. The parties would like to offer Ms. Martin's deposition taken on December 30, 2022 in lieu of live testimony. Fed. R. Civ. P. 32(a)(4)(B). (The parties will designate portions of the deposition 21 days before the pretrial conference.)

15. As stipulated above, Plaintiff designates the following pages of USPS Human Resources Manager over Portland, Oregon, Amy Bennett's 30(b)(6) deposition taken on December 8, 2023: pps. 10-11, 16-17, 19 (lines 14-25), 22-29.

16. Plaintiff designates the following deposition pages for use at trial:
    a. Melissa McCormick deposition taken on November 28, 2022 (The parties will supplement any additional designations 21 days before the pretrial conference.)

17. Neither party intends to call any expert witnesses at trial.

18. The parties shall have 14 days from the date of filing this Proposed Pretrial Order to file objections to matters that have not been agreed to or stipulated.

19. The parties agree to sequester witnesses with the exceptions of Ms. Hankins, who is essential to Plaintiff's preparation, and Melissa McCormick, as a USPS management representative.

20. The parties shall file trial briefs of no longer than ten (10) pages 21 days before the pretrial conference.

This Order has been approved by the parties as evidenced by the signatures of their counsel. This Order shall control the subsequent course of the Action unless modified by a subsequent order.

DATED this ___ day of March 2024.

_____
United States District Court Judge Adrienne Nelson

DATED this 7th day of March 2024.

                                _____/s/*Doris Ng*_____
                                Doris Y. Ng, CA Bar No. 169544
                                Trial Attorney
                                UNITED STATES DEPARTMENT OF LABOR

                                *[signature]*

                                _____
                                Steven Schwartzman, Wash. State Bar No. 45060
                                Attorney for Defendant
                                UNITED STATES POSTAL SERVICE