IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JULIE A. SU,<br>Acting Secretary of Labor,<br>United States Department of Labor,<br><br>    Plaintiff,<br> v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>    Defendant. | Case No.: 3:21-cv-01454-AN<br><br>ORDER ON PRETRIAL ISSUES |

**Adrienne Nelson, District Judge.**

    The Acting Secretary of Labor ("Acting Secretary" or "plaintiff") brings this action against the United States Postal Service ("USPS" or "defendant"), alleging that the USPS terminated Cassandra Hankins ("Hankins") because she reported her workplace injury, in violation of the Occupational Safety and Health Act of 1970 ("OSHA"), 29 U.S.C. § 660(c)(1), referred to as Section 11(c) of OSHA. Section 11(c) provides:

> "No person shall discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter or has testified or is about to testify in any such proceeding or because of the exercise by such employee on behalf of himself or others of any right afforded by this chapter."

29 U.S.C. § 660(c) permits an employee aggrieved by discrimination in retaliation for reporting workplace safety concerns to file a complaint with the Secretary of Labor. Where a violation is found, the Secretary may bring an action on the complainant's behalf in district court, where the judge may award "all appropriate relief including rehiring or reinstatement of the employee to his former position with back pay." 29 U.S.C. § 660(c).

    While the Ninth Circuit has yet to address Section 11(c), other courts, including several district courts in the Ninth Circuit, have adopted the burden-shifting framework applied to other employment discrimination statutes protecting against employer retaliation, such as Title VII of the Civil

1

Rights Act of 1964. *See Su v. United States Postal Service*, No. 3:22-cv-05180-RJB, 2023 WL 3172827, *3 (W.D. Wash. May 1, 2023) (applying the three-stage burden-shifting framework); *Perez v. United States Postal Service*, 76 F. Supp. 3d 1168, 1183 (W.D. Wash. 2025) (same); *Schweiss v. Chrysler Motors Corp.*, 987 F.2d 548, 549 (8th Cir. 1993) (same). Title VII prohibits employers from discriminating against an employee because that employee "has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).

The Court finds the anti-retaliation provision of Title VII comparable to the anti-retaliation provision in Section 11(c). In turn, the Court applies the Ninth Circuit's standard for employer retaliation under Title VII. To make out a *prima facie* case of retaliation, plaintiff must show that: (1) the employee participated in protected activity, (2) the employer subsequently subjected the employee to an adverse employment action, and (3) a causal connection exists between the protected activity and the adverse action. *Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1464 (9th Cir. 1994).

The parties agree that plaintiff has satisfied the first and second elements. *See* Joint Proposed Pretrial Order, ECF [34], at 4-5. The only issues for trial are whether Hankins's protected activity caused her termination, any damages USPS owes Hankins, and what, if any, injunctive relief is appropriate. These disputes will be presented to this Court.

For the reasons set forth on the record at the pretrial conference on April 9, 2024, and below, this Court addresses plaintiff's pending Motions in Limine, ECF [52], plaintiff's pending Request for Judicial Notice, ECF [53], plaintiff's Objections to Defendant's Proffered Exhibits, ECF [55], plaintiff's Objections to Defendant's Proposed Witness Testimony, ECF [56], plaintiff's Objections to Defendant's Proposed Deposition Designations, ECF [57], and other matters raised at the pretrial conference.

## MOTIONS IN LIMINE

**A.    Plaintiff's Motions in Limine**

1.   *Plaintiff moves for an order admitting evidence of similar OSHA complaints.*
     GRANTED in part and DENIED in part.

To prove whether defendant was more likely than not to have acted with an unlawful motive, plaintiff moves to admit evidence of at least five other complaints by probationary employees who suffered adverse actions soon after reporting workplace injuries that OSHA investigated and concluded USPS violated Section 11(c). Pl.'s Mots. in Lim. ("Pl.'s MIL"), ECF [52], at 9. OSHA, according to plaintiff, investigated these complaints during the same period as Hankins' complaint, and the complaints correspond to five pending cases in the Western Pacific Region, which plaintiff requests to be judicially noticed. *Id.* at 10. Plaintiff argues that this evidence constitutes relevant background and circumstantial evidence of defendant's general hostility towards probationary employees who report workplace injuries, which shows that USPS' proffered reason for terminating Hankins is likely pretextual. *Id.* Moreover, plaintiff moves to admit this evidence to support its claims for punitive damages and injunctive relief. *Id.*

Defendant, however, argues that plaintiff should be limited by the claims plead in the complaint, which alleges that USPS discriminated against its employee Hankins, not that USPS has a "pattern or practice" of retaliation. Def.'s Opp. to Mots. in Lim. ("Def.'s Opp. to MIL"), ECF [59], at 3. In support of its position, defendant points to plaintiff's failure to file a formal motion to amend its complaint to explicitly allege that USPS acted with malice, oppression, or reckless disregard of plaintiff's rights such that punitive damages are warranted. *Id.* at 8 (citing Joint Proposed Pretrial Order 9). Moreover, at the pretrial conference, defendant argued that Section 11(c) does not allow for punitive damages.

Plaintiff, at the pretrial conference, maintained that the proposed evidence does not impermissibly expand the action beyond the pleadings to a "pattern and practice" case of retaliation. Rather, the evidence it seeks the Court to admit is relevant to an intentional discrimination case. Moreover, plaintiff defended its position that the complaint properly alleges "all appropriate relief," which includes punitive damages.

These arguments create two separate issues. The first issue is whether plaintiff's complaint properly alleges both punitive damages and injunctive relief. Once again, it's appropriate to analogize to Title VII. In the Title VII context, the Ninth Circuit has explained that the Equal Employment Opportunity Commission ("EEOC"), in prosecuting a Title VII violation, "is not merely a proxy for the victims of

3

discrimination, but acts also to vindicate the public interest in preventing employment discrimination." *EEOC v. Goodyear Aerospace Corp.*, 813 F.2d 1539, 1542 (9th Cir. 1987) (internal citations omitted). So too, Section 11(c) is designed to primarily serve a public purpose, a purpose which Congress has given the Secretary of Labor the sole authority to vindicate. *See Marshall v. Occupational Safety & Health Review Comm'n,* 635 F.2d 544, 550 (6th Cir.1980) (noting that "Congress has vested the exclusive prosecutorial responsibility [for enforcing the Act] in the Secretary of Labor"); *Donovan v. Square D Co.,* 709 F.2d 335, 338–39 (5th Cir.1983) (noting that the "public nature of these individual remedies is emphasized by the fact that the government alone possesses the right to bring suit under Section 11(c)") (internal citation omitted).

Because the government acts foremost to promote public policy in prosecuting discrimination or retaliation against an aggrieved employee, the Ninth Circuit has recognized that the government may seek broad injunctive relief designed to protect employees as a class. *See Goodyear,* 813 F.2d at 1543 (holding that an employee's individual settlement "does not moot the EEOC's right of action seeking injunctive relief to protect employees as a class and to deter the employer from discrimination"). Thus, even when the government pleads individual actions of discrimination, Title VII "authorizes the EEOC to seek class action-type relief without complying with [Federal Rule of Civil Procedure] 23," *id.,* and where it has not pled "a pattern or policy of discrimination." *EEOC v. Frank's Nursery & Crafts, Inc.,* 177 F.3d 448, 467-68 (6th Cir. 1999).

In turn, for the purposes of injunctive relief and/or punitive damages, the Secretary's pleading requirements are not those of a private plaintiff. Even so, "no specific prayer for…punitive damages is needed. A final judgment must grant the relief to which the prevailing party is entitled, 'even if such party has not demanded such relief in his pleadings.'" *Cancellier v. Federated Dept. Stores*, 672 F.2d 1312, 1319 (9th Cir. 1982) (quoting Fed. R. Civ. P. 54(c)). Moreover, the Court finds that the Joint Proposed Pretrial Order, ECF [34], and plaintiff's pretrial filings provided defendant sufficient notice of plaintiff's intent to seek punitive damages and broad injunctive relief.

Thus, for the purposes of injunctive relief and/or punitive damages, plaintiff may introduce the witness's knowledge of the five similar complaints to show only that the witness is aware of similar

4

complaints complaining of this same issue. However, the factual allegations within those complaints cannot be taken for their truth because, for a defendant to be held liable under Section 11(c), the Secretary must file a complaint with a district court, in which the court decides liability. Because the cases to which these complaints correspond are still being litigated, the Court will not allow testimony of factual allegations still in dispute. Finally, the Court DENIES plaintiff's request to present evidence of other complaints or cases against the USPS outside of the five presented in plaintiff's motions for limine and request for judicial notice.

The second issue is whether punitive damages are allowed under Section 11(c). While the Ninth Circuit has been silent as to whether Section 11(c) permits punitive damages, other courts, including a few within the Ninth Circuit, have analogized the language found in Section 11(c) to other statutes allowing for punitive damages. *See Perez v. Clearwater Paper Corp.*, 184 F.Supp.3d 831, 843-44 (D. Idaho April 20, 2016) (awarding punitive damages for § 11(c) violation); *Burns-Vidlack v. Chandler*, 980 F.Supp. 1144, (D. Haw. June. 24, 1997) (finding "all appropriate relief" language sufficient for punitive damages); *Reich v. Cambridge Air Sys., Inc.*, 26 F.3d 1187, 1194 (1st Cir. 1994) (holding that Section 11(c) allows for punitive damages). The relevant provision reads:

> "Any employee who believes that he has been discharged or otherwise discriminated against by any person in violation of this subsection may…file a complaint with the Secretary alleging such discrimination… if [after appropriate] investigation, the Secretary determines that the provisions of this subsection have been violated, he shall bring an action in any appropriate United States district court against such person. In any such action the United States district courts shall have jurisdiction, for cause shown to restrain violations… and *order all appropriate relief* including rehiring or restatement of the employee to his former position with back pay."

29 U.S.C. § 660(c)(2) (emphasis added). The First Circuit in *Reich v. Cambridge Air Systems, Inc.*, thoroughly addressed whether the "all appropriate relief" language in Section 11(c) encompassed punitive damages. *See Reich*, 26 F.3d at 1190-94. There, the court awarded punitive damages against an employer who fired an employee for complaining about health and safety violations and fired a second employee for being friends with the complaining employee. *Id.* at 1187. The lower court awarded both employees back pay, then doubled the award because the employer had fired them to chill other employees from reporting

5

safety violations. *Id.* at 1194-95. The First Circuit affirmed, relying in its decision upon the Supreme Court's ruling in *Franklin v. Gwinnett County Public Sch.*, 503 U.S. 60, 64 (1992). *Id.* at 1191-92. In *Franklin*, the Court confronted the issue of whether Title IX supports a claim for monetary damages. 503 U.S. at 60. In holding that monetary damages were indeed available in Title IX cases, the Court stated that:

> "[t]he general rule, therefore, is that *absent clear direction* to the contrary by Congress, the federal courts have the power to award any appropriate relief in a cognizable cause of action brought pursuant to a federal statute."

*Id.* at 70 (emphasis added). In turn, the First Circuit concluded, "in accordance with the meaning of the same words as used in *Franklin*, that the statutory power to award 'all appropriate relief' gave [district courts] authority, where such relief is in fact appropriate, to award compensatory and even such traditional other relief as exemplary damages." *Reich*, 26 F.3d at 1194. Thus, the court noted that the "authority would be broad enough to support an award of twice the employees' pay provided the facts and circumstances of this case justified such an award as additional compensation and as deserved punitive or exemplary damages." *Id.*

In light of the above discussion, the Court finds that punitive damages are allowed under the statute. Accordingly, plaintiff may seek punitive damages at trial.

2. *Plaintiff moves for an order excluding evidence relating to boat hooks.*

RULING RESERVED FOR TRIAL.

Plaintiff moves to exclude any testimony or documentary evidence about boat hooks that were not provided to or shared with Hankins on the grounds of lack of foundation and lack of relevance. Pl.'s MIL 11. Plaintiff argues that defendant cannot authenticate proffered boat hook evidence because defendant's witnesses lack personal knowledge for the proposed generalized testimony, and, instead, the testimony is based on hearsay. *Id.* Plaintiff points to the following testimony proposed by defendant:

> "PM McCormick will testify that boat hooks have been used in [LLVs] for more than ten (10) years. She will testify that the use of boat hooks by carriers and city carrier assistants ("CCAs") has been pushed "hard and heavy" by the Safety Department in the Portland District …"

> "PM Martin will testify that boat hooks had been available for use by postal [sic] [carriers] and CCAs in the Oregon area since at least 2018 or so …"

*Id.* at 11 (citing Def.'s Lay Witness Statement, ECF [47], at 1-2; 4.)

Defendant, however, argues that its testimony about boat hooks come from the personal observations and knowledge of its witnesses. Def.'s Opp. to MIL 7. Defendant maintains that, at trial, it will try to establish foundation through its witnesses. *Id.* at 8. If defendant is unable to do so, it will not object to the striking of these documents. *Id.* at 8. The Court allows defendant the opportunity to introduce testimony and/or evidence relating to boat hooks at trial.

3. *Plaintiff moves for order excluding evidence of Hankins's equal employment opportunity ("EEO") claim.*

DENIED.

Plaintiff moves to exclude any testimony, documents, or other evidence of proceedings in the EEO claim Hankins filed against USPS, other than any admissible, sworn statements Hankins made if appropriately used for impeachment purposes. Pl.'s MIL 13. Defendant agrees that Hankins's EEO claims are not at issue here, but her prior sworn statements may be relevant for impeachment purposes. Def.'s Opp. to MIL 8.

At the pretrial conference, plaintiff argued that the main issue here is defendant's proffered Exhibit 507, which consists of an unsworn letter written by Postmaster Deborah Martin. Defendant argues that Exhibit 507 was asked about at Martin's deposition and aides in her testimony. The Court allows defendant the opportunity to introduce Exhibit 507 at trial.

## JUDICIAL NOTICE

**A.     Plaintiff's Request for Judicial Notice**

Under Federal Rule of Evidence 201, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources who accuracy cannot reasonably be questioned." A court may take judicial notice of undisputed matters of public record, *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2002), including documents on file in federal or state courts. *See Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002). It follows, however, that while a court

may take judicial notice of documents filed in another court, "it may do so not for the truth of the facts recited therein," but simply for the fact that the documents exist and were filed, which "is not subject to reasonable dispute." *Briseno v. Bonta*, 621 F.Supp.3d 1065, 1069 n. 3 (C.D. Cal. 2022) (quoting *S.B. by & through Kristina B. v. Cal. Dep't of Educ.*, 327 F.Supp.3d 1218, 1229 n.1 (E.D. Cal. 2018)).

    1.    *Plaintiff requests the Court to take judicial notice of similar Section 11(c) pending actions filed by the Secretary against USPS.*

GRANTED.

Plaintiff moves for judicial notice of the fact that five federal cases have been filed and the court records therein. Pl.'s Request for Judicial Notice, ECF [53], at 6. Plaintiff moves for judicial notice of the five following cases: "(1) *Su v. U. S. Postal Serv. (Heath)*, 2023 WL 3172867 (W.D. Wash., May 1, 2023) (motion for summary judgment as to liability granted); (2) *Su v. USPS (Sweezer)*, No. 3:23-cv-0500, 2024 WL 21670 (W.D. Wash., Jan. 2, 2024) (ordering negative inferences against USPS regarding the reasons for termination); (3) *Walsh v. USPS (Jimenez)*, No. 3:22-cv-6002 (W.D. Wash., Dec. 22, 2022) (probationary employee terminated twelve days after reporting injury); (4) *Walsh v. USPS (Mitchell)*, No. 2:22-cv-1176 (W.D. Wash., Aug. 23, 2022) (probationary employee terminated fourteen days after reporting injury) and (5) *Walsh v. USPS (Guerrero)*, No. 3:21-cv-06808 (N.D. Cal.) (complaint filed on September 1, 2021)." *Id.* at 7.

As discussed above, the Court will take judicial notice of the fact that the cases were filed and that they exist. Moreover, the Court will take judicial notice of the findings within the Opinion and Order on the motion for summary judgment in *Su v. U. S. Postal Serv. (Heath)*, 2023 WL 3172867 (W.D. Wash., May 1, 2023). However, the factual allegations within the rest of the cases will not be judicially noticed as they are being disputed in ongoing litigation.

    2.    *Plaintiff requests the Court to take judicial notice of evidence supporting claimed job search costs.*

GRANTED.

Defendant does not oppose this request.

## OBJECTIONS

A.     **Plaintiff's Objections to Defendant's Exhibits, ECF [55]**

**Exhibit 503: Photograph of LLV 3311575**

OVERRULED.

**Exhibit 504: Photograph of LLV 3311575 (Interior)**

Defendant withdraws this exhibit.

**Exhibit 505: Photograph of LLV 3311576**

Defendant withdraws this exhibit.

**Exhibit 506: Exhibits 506(a) through 506(f) Job Safety Documents**

RESERVED RULING.

**Exhibit 507: Postmaster Deborah Martin Statement (March 9, 2019)**

OVERRULED.

**Exhibit 508: Cassandra Hankins EEO Investigative Affidavit (July 2, 2019)**

OVERRULED.

B.     **Plaintiff's Objections to Defendant's Proposed Witness Testimony, ECF [56]**

   1.   *Plaintiff objects to Postmaster Melissa McCormick's ("McCormick") proposed testimony about the use of boat hooks.*

        OVERRULED.

   2.   *Plaintiff objects to McCormick's proposed testimony about why Hankins was fired.*

        OVERRULED.

   3.   *Plaintiff objects to Martin's testimony about the availability of boat hooks.*

        OVERRULED.

   4.   *Plaintiff objects to Martin's testimony about calling the Monmouth station and asking whether a boat hook had been available in the Hankins's LLV on the day of her injury.*

        OVERRULED.

C.     **Plaintiff's Objections to Defendant's Proposed Deposition Designations, ECF [57]**

         Plaintiff objects to several designations defendant proposed for Martin's deposition

testimony. After plaintiff objected, defendant withdrew some but maintained others. Regarding defendant's designations to which plaintiff has objected but defendant has not withdrawn, the Court makes the following rulings:

1. *Page 24, Line 17 to Line 24*

    OVERRULED. Testimony allowed for the limited purpose that Martin undertook an investigation after Hankins's injury.

2. *Page 36, Line 1 to Line 13*

    SUSTAINED in part and OVERRULED in part. Martin is allowed to testify as to making the phone call for the purpose of her investigation, but the remaining discussion is not allowed.

3. *Page 37, Line 6 to Line 9*

    OVERRULED.

4. *Page 47, Line 1 to 18; Line 19 to Line 25*

    OVERRULED. Martin is allowed to testify as to making the phone call for the purpose of her investigation, but the remaining discussion is not allowed.

5. *Page 49, Line 6 to Line 25*

    OVERRULED.

6. Page 52, Line 6 to Line 23

    SUSTAINED in part and OVERRULED in part. Line 6 to Line 16 is not allowed.

**D.**   **Defendant's Objections to Plaintiff's Rebuttal Witness List**

Plaintiff's Rebuttal Witness List, ECF [54], assigns Leslie Winslow, USPS Manager of Customer Service, and Lataya Powell, USPS Manager, as Federal Rule of Civil Procedure 30(b)(6) ("Rule 30(b)(6)") rebuttal witnesses. Plaintiff seeks to use these witnesses' deposition testimony taken in *Su v. USPS (Heath)*, No. 3:22-cv-5180 (W.D. Wash., complaint filed on March 24, 2024) at trial. At the pretrial conference, defendant objected to the witnesses on the grounds that the witnesses have no knowledge of the postal stations Hankins worked at, and objected to whether these witnesses are in fact designated as Rule 30(b)(6) witnesses.

Plaintiff agrees to send line citations about Rule 30(b)(6) and deposition designation citations for each witness.

## ADMINISTRATIVE MATTERS

**A.    Scheduling**

A three-day Court Trial is set to commence April 22, 2024, at 9:00 a.m., in Portland Courtroom 14A before Judge Adrienne Nelson. The second day of the Court Trial, Tuesday, April 23, 2024, will begin at 9:30 a.m.

**B.    Procedure**

The Court will allow plaintiff's witness, Jared Klein, to sit at counsel's table. The Court will allow Hankins to stay in the courtroom throughout proceedings.

The Court will allow deposition testimony to be read into the record.

The Court will allow the parties a brief opening and closing.

The Court orders defendant to redact personal identifiable information contained in defendant's Exhibits 501 and 508.

**C.    Additional Requests**

Plaintiff requests the following additional deposition designations of Martin's deposition testimony:

1. Page 58, Line 11 to 22.
2. Page 35, Line 13 to Line 16
3. Page 41, Line 2 to Line 24
4. Page 39, Line 4

Plaintiff's request is GRANTED.

## CONCLUSION

For the reasons set forth on the record at the pretrial conference and above, plaintiff's Motions in Limine, ECF [52] are GRANTED in part and DENIED in part; RESERVED RULING; and DENIED. Plaintiff's Request for Judicial Notice, ECF [53] is GRANTED.

IT IS SO ORDERED.

DATED this 12th day of April, 2024.

_____
Adrienne Nelson
United States District Judge